UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK WILLIAM LEWIS,    Petitioner, | § § § | |
| vs. | § § | CIVIL ACTION NO. C-09-179 |
| UNITED STATES OF AMERICA,    Respondent. | § § § | |

### MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner Frank William Lewis ("Petitioner" or "Lewis") is a federal inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding *pro se,* Lewis filed an application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was received by the Clerk on July 22, 2009. (D.E. 1.) In his petition, he claims that the Bureau of Prisons has incorrectly calculated his sentence. (D.E. 1 at 2.) Specifically, he seeks credit for the period of time during which he was transferred from state custody to the federal authorities, prior to and immediately following the imposition of a federal sentence in the Southern District of Florida. He claims that he is entitled to 305 days of credit from the date of March 4, 1991 until January 3, 1992, when he alleges he was returned to Florida state custody.

Magistrate Judge B. Janice Ellington ordered service of process on October 2, 2009. (D.E. 9.) On November 30, 2009, the Respondent filed an answer and motion for summary

judgment. (D.E. 13, 14.) To date, Lewis has failed to file a response and the time for doing so has expired.

For the reasons set forth herein, the Court GRANTS Respondent's Motion for Summary Judgment and DENIES Lewis' 28 U.S.C. § 2241 petition.

## I.  BACKGROUND

Lewis was arrested on March 23, 1990 by state authorities in Florida, on charges of Sexual Assault by Force, Kidnapping, and Trespassing. (D.E. 13, App Exhibit 1, Declaration of Dawn L. Giddings (hereinafter "Giddings Decl.") at ¶ 7.) On February 6, 1991, he was sentenced in the Dade County, Florida Circuit Court to 12 years for the offenses of Sexual Battery with Weapon or Force and Kidnapping. (Giddings Decl. at ¶ 7.) On March 1, 1991, Petitioner was temporarily released to federal authorities pursuant to a writ of habeas corpus ad prosequendum. (Id. at ¶ 8.) He remained on loan to federal authorities until after his sentencing in federal court. (Id. at 9.) Specifically, he was sentenced on January 3, 1992 in the Southern District of Florida to 15 years in custody, for Possession of a Firearm by a Convicted Felony. (Id.) The federal court ordered that his federal sentence should run consecutively with the sentence imposed in Dade County Circuit Court. (Id.) Lewis was returned to Florida state custody on January 22, 1992. (Id.)

Lewis was discharged to a federal detainer to commence service of his federal sentence on April 21, 1998. (Id. at ¶ 10.) His projected release date is June 5, 2011. (Id. at ¶ 11.)

2

Lewis filed one administrative remedy with the Warden seeking a review of his computation. After this submission, the BOP denied his local administrative remedy (BP-9). In accordance with the exhaustion procedures of the BOP, if Lewis was dissatisfied with the Warden's response, he should have appealed the decision to the regional director. Lewis failed to appeal and filed no more administrative remedies concerning the issue of credit to his sentence. (Id. at ¶ 16-17.)

Lewis filed this timely § 2241 petition on July 22, 2009. Jurisdiction and venue in this Court are proper, as conceded by Respondent. (D.E. 14 at 3.)

## II. DISCUSSION

### A. 28 U.S.C. § 2241

Twenty-eight U.S.C. § 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

As an initial matter, the Court notes that Lewis' failure to respond to the United States' motion for summary judgment is considered, under the local rules of this Court, to be a statement of non-opposition to the motion. See LR 7.4 ("Failure to respond [to motion]

will be taken as a representation of no opposition."). Thus, the summary judgment motion is deemed to be unopposed. In any event, it is clear from Respondent's motion that summary judgment against the § 2241 petition is proper, both because Lewis failed to exhaust his administrative remedies and because his claim fails on its merits.

**B.     Failure to Exhaust Administrative Remedies**

When a prisoner seeks credit toward his sentence through a § 2241 petition, he must first exhaust administrative remedies through the BOP. United States v. Gabor, 905 F.2d 76, 78, n.2 (5th Cir. 1990) (citations omitted). A district court may dismiss a case under 28 U.S.C. § 1915(d) for failure to exhaust administrative remedies. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993).

The BOP provides a three-tiered administrative process by which inmates can present a complaint, set forth at 28 C.F.R. § 542.10-542.18. First, the inmate may present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate may file a formal written complaint with the warden at the local level, using a BP-9 form. 28 C.F.R. §§ 542.13(b), 542.14(a). If not satisfied with the warden's response, the inmate may appeal within twenty days of the response to the regional director. 28 C.F.R. § 542.15(a). If unsatisfied at the regional level, then the inmate has 30 days from the date of the regional director's response to appeal to the general counsel. The appeal to the general counsel is the final administrative appeal provided by the BOP. Id.

In this case, Respondent has asserted that Lewis did not exhaust his administrative remedies and the documentation provided by Respondent supports the assertion. In failing to respond to the summary judgment motion, Lewis has not provided anything to controvert this statement. Moreover, as noted supra, this lack of a response is taken as a representation of no opposition. Accordingly, Lewis' petition is subject to dismissal for failure to exhaust.

## C.    Merits of Petitioner's Claim

Even if it were properly before the Court, Lewis has not shown that he is entitled to relief and his petition is therefore denied on its merits. The legal principles at issue in Lewis' petition are well-settled. In calculating a term of imprisonment, the Court is guided by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Notably, inmates are not entitled to double credit for time spent in detention prior to sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992). Also, the time a state

prisoner spends "on loan" to federal authorities pursuant to a writ of habeas corpus ad prosequendum does not serve to interrupt the state's custody over an inmate. United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985).

Respondent asserts that Lewis' claim fails because the time spent in federal custody prior to and immediately subsequent to his sentencing were credited against his state term of imprisonment. The sworn declaration of Ms. Giddings and the documentation she cites to also reflect that Lewis received credit against his state sentence for time spent on loan to the federal authorities. Thus, it is clear that Lewis was, in fact, given credit against his state sentence for the time he spent in federal custody before and after his federal sentencing. Lewis offers nothing to contradict that record. Accordingly, under the plain language of § 3585(b), Lewis is not entitled to have that time additionally credited toward his federal sentence. See 18 U.S.C. § 3585 (credit is given only for time served "that has not been credited against another sentence").

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion for Summary Judgment (D.E. 14) is GRANTED and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D.E. 1) is DISMISSED WITH PREJUDICE.

It is so ORDERED this 5th day of February, 2010.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE